UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARNABAS HEALTH, INC. D/B/A RWJBH CORPORATE SERVICES INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TOUCHSTONE TECHNOLOGY CONSULTING OPS. INC. D/B/A TOUCHSTONE HEALTHCARE SOLUTIONS, BRIAN W. MEAD, JOHN DOES 1-10(names being fictitious for individuals whose identities are currently unknown), & ABC ENTITIES 1-10 (names being fictitious for individuals whose identities are currently unknown),<br><br>　　　　　Defendants. | Civil Action NO. 2:21-cv-12508-JMV-AME<br><br>Hon. John Michael Vazquez, U.S.D.J.<br><br>Hon. Andre M. Espinosa, U.S.M.J.<br><br>**ANSWER TO COMPLAINT, SEPARATE DEFENSES, COUNTERCLAIM, & CROSS CLAIMS OF DEFENDANTS TOUCHSTONE TECHNOLOGY CONSULTING OPS. INC. D/B/A TOUCHSTONE HEALTHCARE SOLUTIONS AND BRIAN W. MEAD** |

Defendant, Touchstone Technology Consulting Ops. Inc. D/B/A Touchstone Healthcare Solutions, a business entity of the State of Florida with its principal place of business the State of Connecticut (hereinafter "Touchstone"), and Brian W. Mead, a citizen of the State of Florida (hereinafter "Mead"), (collectively "Answering Defendants") by way of Answer to the Complaint, hereby, say:

## SUMMARY OF ACTION

1. The allegations contained within paragraph 1 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 1 of the Complaint and leave Plaintiff to its strict proofs.

## THE PARTIES

2. The Answering Defendants lack sufficient knowledge to admit or deny paragraph 2 of the Complaint and leaves Plaintiff to its strict proofs. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 2 of the Complaint.

3. The Answering Defendants admit the allegations contained within paragraph 3 of the Complaint to the extent that Touchstone is a Florida business entity with its principal place of business at 8 Beaver Brook Road, Ridgefield, Connecticut 06877.

4. The Answering Defendants admit the allegations contained within paragraph 4 of the Complaint to the extent Mead is a shareholder of Touchstone. The remaining allegations contained therein are denied, as Mead is a citizen of the State of Florida.

5. The Answering Defendants deny the allegations contained within paragraph 5 of the Complaint.

6. The Answering Defendants deny the allegations contained within paragraph 6 of the Complaint.

## JURISDICTION

7. The allegations contained within paragraph 7 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 7 of the Complaint.

8. The allegations contained within paragraph 8 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 8 of the Complaint.

## VENUE

9. The allegations contained within paragraph 9 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 9 of the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Purchase Agreement

10. The Answering Defendants admit the allegations contained within paragraph 10 of the Complaint.

11. The Answering Defendants deny the allegations contained within paragraph 11 of the Complaint.

12. The allegations contained within paragraph 12 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 12 of the Complaint and leave Plaintiff to its strict proofs.

13. The allegations contained within paragraph 13 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 13 of the Complaint and leave Plaintiff to its strict proofs.

14. The allegations contained within paragraph 14 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 14 of the Complaint and leave Plaintiff to its strict proofs.

15. The allegations contained within paragraph 15 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 15 of the Complaint and leave Plaintiff to its strict proofs.

16. The allegations contained within paragraph 16 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 16 of the Complaint and leave Plaintiff to its strict proofs.

17. The allegations contained within paragraph 17 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 17 of the Complaint and leave Plaintiff to its strict proofs.

18. The Answering Defendants admit that Plaintiff agreed to pay $2,750,000.00 for 500,000 isolation gowns. The Answering Defendants deny the remaining allegations contained within paragraph 18 of the Complaint.

19. The Answering Defendants admit that Plaintiff agreed to pay $1,375,000.00 upon full execution of the Purchase Agreement.  The Answering Defendants deny the remaining allegations contained within paragraph 19 of the Complaint.

20. The Answering Defendants admit that Mead sent the email referenced in paragraph 20 of the Complaint and the document speaks for itself. The Answering Defendants deny the remaining allegations contained within paragraph 20 of the Complaint.

## The Defendants' Defaults and Termination of the Purchase Agreement

21. The Answering Defendants deny the allegations contained within paragraph 21 of the Complaint and leave the Plaintiff to its strict proofs.

22. The Answering Defendants admit that Plaintiff sent the email referenced in paragraph 22 of the Complaint and the document speaks for itself. The Answering Defendants deny the remaining

allegations contained within paragraph 22 of the Complaint and leave the Plaintiff to its strict proofs.

23. The Answering Defendants deny the allegations contained within paragraph 23 of the Complaint and leave the Plaintiff to its strict proofs.

24. The Answering Defendants deny the allegations contained within paragraph 24 of the Complaint and leave the Plaintiff to its strict proofs.

25. The Answering Defendants deny the allegations contained within paragraph 25 of the Complaint and leave the Plaintiff to its strict proofs.

26. The Answering Defendants admit that Plaintiff sent the letter referenced in paragraph 26 of the Complaint and the document speaks for itself. The Answering Defendants deny the remaining allegations contained within paragraph 26 of the Complaint and leave the Plaintiff to its strict proofs.

27. The allegations contained within paragraph 27 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 27 of the Complaint and leave Plaintiff to its strict proofs.

28. The Answering Defendants admit the allegations contained in paragraph 28 of the Complaint.

## After the Termination of the Purchase Agreement

29. Any Airbill was from a third-party freight forwarder and as such the Answering Defendants neither admit nor deny the allegations contain within paragraph 29 of the Complaint and leave Plaintiff to its strict proofs.

30. The Answering Defendants neither admit nor deny the allegations contained within paragraph 30 of the Complaint and leave Plaintiff to its strict proofs.

31. The Answering Defendants admit that Plaintiff sent the email referenced in paragraph 31 of the Complaint and the document speaks for itself. The Answering Defendants deny the remaining allegations contained within paragraph 31 of the Complaint and leave the Plaintiff to its strict proofs.

32. The Answering Defendants admit the allegations contained within Paragraph 32.

33. Any Airbill was from a third-party freight forwarder and as such the Answering Defendants neither admit nor deny the allegations contain within paragraph 33 of the Complaint and leave Plaintiff to its strict proofs.

34. The Answering Defendants deny the allegations contained within paragraph 34 of the Complaint and leave the Plaintiff to its strict proofs.

35. The Answering Defendant admit the allegations contained within Paragraph 35 of the Complaint insomuch as a delivery of isolation gowns was made.

36. The Answering Defendants deny the allegations contained within paragraph 36 of the Complaint and leave the Plaintiff to its strict proofs.

37. The Answering Defendants admit that Plaintiff sent the letter referenced in paragraph 37 of the Complaint and the document speaks for itself. The Answering Defendants deny the remaining allegations contained within paragraph 37 of the Complaint and leave the Plaintiff to its strict proofs.

38. The allegations contained within paragraph 38 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 38 of the Complaint and leave Plaintiff to its strict proofs.

## **First Count (Breach of Contract)**

39. The Answering Defendants deny the allegations contained within paragraph 39 of the Complaint and leave the Plaintiff to its strict proofs.

40. The allegations contained within paragraph 40 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 40 of the Complaint and leave Plaintiff to its strict proofs.

41. The allegations contained within paragraph 41 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 41 of the Complaint and leave Plaintiff to its strict proofs.

42. The allegations contained within paragraph 42 of the Complaint are comprised of legal conclusions to which no response is required. To the extent an answer is required, the Answering Defendants deny the allegations contained within paragraph 42 of the Complaint and leave Plaintiff to its strict proofs.

43. The Answering Defendants deny the allegations contained within paragraph 43 of the Complaint and leave the Plaintiff to its strict proofs.

44. The Answering Defendants deny the allegations contained within paragraph 44 of the Complaint and leave the Plaintiff to its strict proofs.

45. The Answering Defendants deny the allegations contained within paragraph 45 of the Complaint and leave the Plaintiff to its strict proofs.

46. The Answering Defendants deny the allegations contained within paragraph 46 of the Complaint and leave the Plaintiff to its strict proofs.

**WHEREFORE**, the Answering Defendant demands judgment dismissing the Complaint with prejudice together with attorneys' fees and costs within interest thereon and all other relief the Court deems just.

## Second Count (Breach of the Implied Covenant of Good Faith and Fair Dealing in the Alternative to Breach of Contract)

47. The Answering Defendants deny the allegations contained within paragraph 47 of the Complaint and leave the Plaintiff to its strict proofs.

48. The Answering Defendant admit the allegations contained within Paragraph 48 of the Complaint.

49. The Answering Defendants deny the allegations contained within paragraph 49 of the Complaint and leave the Plaintiff to its strict proofs.

50. The Answering Defendants deny the allegations contained within paragraph 50 of the Complaint and leave the Plaintiff to its strict proofs.

51. The Answering Defendants deny the allegations contained within paragraph 51 of the Complaint and leave the Plaintiff to its strict proofs.

**WHEREFORE**, the Answering Defendant demands judgment dismissing the Complaint with prejudice together with attorneys' fees and costs within interest thereon and all other relief the Court deems just.

## Third Count (Common Law Fraud/Misrepresentation)

52. The Answering Defendants deny the allegations contained within paragraph 52 of the Complaint and leave the Plaintiff to its strict proofs.

53. The Answering Defendants deny the allegations contained within paragraph 53 of the Complaint and leave the Plaintiff to its strict proofs.

54. The Answering Defendants deny the allegations contained within paragraph 54 of the Complaint and leave the Plaintiff to its strict proofs.

55. The Answering Defendants deny the allegations contained within paragraph 55 of the Complaint and leave the Plaintiff to its strict proofs.

56. The Answering Defendants deny the allegations contained within paragraph 56 of the Complaint and leave the Plaintiff to its strict proofs.

57. The Answering Defendants deny the allegations contained within paragraph 57 of the Complaint and leave the Plaintiff to its strict proofs.

**WHEREFORE**, the Answering Defendant demands judgment dismissing the Complaint with prejudice together with attorneys' fees and costs within interest thereon and all other relief the Court deems just.

## Fourth Count (Unjust Enrichment)

58. The Answering Defendants deny the allegations contained within paragraph 58 of the Complaint and leave the Plaintiff to its strict proofs.

59. The Answering Defendants deny the allegations contained within paragraph 59 of the Complaint and leave the Plaintiff to its strict proofs.

60. The Answering Defendants deny the allegations contained within paragraph 60 of the Complaint and leave the Plaintiff to its strict proofs.

61. The Answering Defendants deny the allegations contained within paragraph 61 of the Complaint and leave the Plaintiff to its strict proofs.

**WHEREFORE**, the Answering Defendant demands judgment dismissing the Complaint with prejudice together with attorneys' fees and costs within interest thereon and all other relief the Court deems just.

## SEPARATE DEFENSES

Without admitting to liability as to any of the claims asserted in the Complaint, and without assuming the burden of proof on any claims, defenses, or legal or factual issues that otherwise would rest with Plaintiff, the Answering Defendants assert the following affirmative and other defenses. The Answering Defendants reserve the right to assert additional affirmative or other defenses or claims not yet asserted herein.

### First Separate Defense

The COVID-19 pandemic prevented the Answering Defendants from timely performing under the contract.

### Second Separate Defense

The COVID-19 pandemic frustrated the purpose of the contract.

### Third Separate Defense

The Plaintiff, through its actions, violated the implied covenant of good faith and fair dealing found in the contract.

### Fourth Separate Defense

The Plaintiff's damages, if any, are the result of third parties' actions over whom the Answering Defendants have no control. Specifically, the Answering Defendants procured the isolation gowns from R S INTERNATIONAL, which is located at Unit 417, Suncity Business Tower, Sector 54, Gurugram, Haryana 122001, India. Any delays in the shipment of the isolation gowns were attributable to R S INTERNATIONAL or from an entity it attempted to procure the isolation gowns from in China. R S INTERNATIONAL is the sole party liable for damages, if any, suffered by the Plaintiff.

**Fifth Separate Defense**

The Plaintiff's damages, if any, are the result of the Government of India, which placed limitations on the exportation of personal protective equipment, including isolation gowns.

**Sixth Separate Defense**

The Plaintiff's damages, if any, are the result of restrictions on imports and exports between the United States of America and India due to the COVID-19 pandemic.

**Seventh Separate Defense**

Any and all monies received by the Answering Defendants from Plaintiff has been paid to R S INTERNATIONAL.

**Eighth Separate Defense**

There was an accord and satisfaction between the parties.

**Ninth Separate Defense**

There were multiple force majeure events that prevented the Answering Defendant from delivering the isolation gowns earlier than the isolation gowns were delivered.

**Tenth Separate Defense**

The isolation gowns conformed to all industry and regulatory standards.  This includes standards set forth by the Association for the Advancement of Medical Instrumentation (AAMI).  The goods were of merchantable quality.

**Eleventh Separate Defense**

Touchstone is a Florida corporation and the party to which the Plaintiff entered into a contract.  Mead is not a party to the contract, and there are no viable claims against him. Further, the Plaintiff has failed to allege facts sufficient to pierce the corporate veil.

### Twelfth Separate Defense

The Plaintiff has failed to plead fraud with specificity pursuant to Fed. R. Civ. Pro. 9(b).

### Thirteenth Separate Defense

The Answering Defendants did not violate the doctrine of good faith and fair dealing.

### Fourteenth Separate Defense

The Answering Defendants did not make any misrepresentations or omissions.

### Fifteenth Separate Defense

The Answering Defendants reserve the right to move to dismiss the Complaint on the grounds that the Plaintiff failed to join a necessary party to the within action and, accordingly, the Court has no jurisdiction to grant the relief asserted by the Plaintiff. Specifically, the Plaintiff failed to join R S INTERNATIONAL, which manufactured the isolation gowns, as a party to this action.

### Sixteenth Separate Defense

The Plaintiff failed to mitigate its damages.

### Seventeenth Separate Defense

There was a novation and/or series of novations between the parties to the contract.

### Eighteenth Separate Defense

The Answering Defendants violated no duty owed to the Plaintiff and were not negligent.

### Nineteenth Separate Defense

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's consent and authorization. Plaintiff consented to the conduct complained of by virtue of its communications with the Answering Defendants regarding the design, manufacture and shipping of the isolation gowns.

**Twentieth Separate Defense**

Plaintiff's claims are barred because it has materially breached the agreement between the parties by failing to pay for the isolation gowns it ordered, seeking to reject the isolation gowns in an untimely and improper fashion and without just cause, and failing to accept the isolation gowns.

**Twenty First Separate Defense**

Plaintiff's alleged injury and damages are too remote or were caused solely or proximately by intervening or superseding causes unrelated to the challenged conduct. Plaintiff caused all freight and shipping charges and demurrage and detention charges incurred in connection with the isolation gowns. Any and all alleged damages suffered by the Plaintiff were not proximately caused by the Answering Defendants.

**Twenty Second Separate Defense**

The Answering Defendants substantially performed pursuant to the contract.

**Twenty Third Separate Defense**

Plaintiff's claims are barred by the fact that its conduct wrongfully prevented the Answering Defendants from pursuing their right to cure any alleged non-conformity under N.J.S.A. 12A:2-508.

**Twenty Fourth Separate Defense**

There was no material breach of the contract between the parties by the Answering Defendants.

**Twenty Fifth Separate Defense**

The Plaintiff by its actions has unclean hands.

**Twenty Sixth Separate Defense**

The Plaintiff's claims are barred by the economic loss doctrine.

**Twenty Seventh Separate Defense**

Plaintiff assumed the risk inherent in the activity engaged in by the Plaintiff.

**Twenty Eighth Separate Defense**

The Plaintiff's claims are barred by the doctrines of legal and equitable estoppel.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Answering Defendants respectfully requests that this Court grant the following relief:

(1) dismiss the Complaint in its entirety, and each and every purported claim for relief therein, with prejudice;

(2) award the Answering Defendants the costs of defending this action, including attorneys' fees, costs, and disbursements; and

(3) grant such other and further relief as this Court may deem just and proper.

**Law Office of Mark Faro LLC**
Attorneys for Defendants
Touchstone Technology Consulting Ops. Inc.
D/B/A Touchstone Healthcare Solutions and
Brian W. Mead

*s/ Mark R. Faro*

Mark R. Faro, Esq.

Dated: 8-5-21

**CROSS-CLAIM FOR CONTRIBUTION AGAINST ALL CO-DEFENDANTS**

Without admitting any liability herein, the Answering Defendants assert that if any liability should be found against them, they are entitled to and hereby claim contribution from all co-defendants in this action, jointly and severally, pursuant to the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et. seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-51.1, et. seq.

**CROSS-CLAIM FOR CONTRIBUTION AGAINST ALL CO-DEFENDANTS**

Without admitting any liability herein, the Answering Defendants assert that it may be entitled to contractual contribution from co-defendants in this action.

**CROSS CLAIM FOR INDEMNIFICATION AGAINST ALL CO-DEFENDANTS**

Without admitting any liability herein, the Answering Defendants assert that if they should be found to have been negligent or liable in any regard, such negligence or liability, if any, was passive, vicarious, and imputed, while the negligence and/or liability of the other co-defendants in this action was active and primary, and the Answering Defendants are therefore entitled to and hereby claim indemnification from all co-defendants, and for any judgement which may be entered in favor of the Plaintiff and against Defendant.

**CROSS CLAIM FOR INDEMNIFICATION AGAINST ALL CO-DEFENDANTS**

Without admitting any liability herein, the Answering Defendants assert that it may be entitled to contractual indemnification from co-defendants in this action.

**WHEREFORE**, the Answering Defendants demands judgment for contribution and indemnification against co-defendants.

**Law Office of Mark Faro LLC**
Attorneys for Defendants
Touchstone Technology Consulting Ops. Inc.
D/B/A Touchstone Healthcare Solutions and
Brian W. Mead

*s/ Mark R. Faro*

Mark R. Faro, Esq.

Dated: 8-5-21

# COUNTERCLAIM

Defendants, Touchstone Technology Consulting Ops. Inc. D/B/A Touchstone Healthcare Solutions, a business entity of the State of Florida with its principal place of business the State of Connecticut (hereinafter "Touchstone"), and Brian W. Mead, a citizen of the State of Florida (hereinafter "Mead"), (collectively "Counterclaimants") by way of Counterclaim Against Plaintiff, Barnabas Health Inc. D/B/A RWJBH Corporate Services Inc. (hereinafter "Barnabas"), say:

1. Counterclaimants reiterate all of the facts set forth in their Answer and Cross Claim as though recited herein verbatim and at length.

2. In or around December 2019, a new, highly infectious coronavirus, COVID-19, appears to have emerged in Wuhan, China and began to spread rapidly around the world.

3. On January 31, 2020, the United States Secretary of Health and Human Services declared a public health emergency.

4. On March 13, 2020, President Donald J. Trump declared a national emergency.

5. Isolation gowns are a type of fluid-resistant and impermeable clothing that healthcare personnel wear to avoid exposure to blood, body fluids, and other infectious materials and to protect others from infection.

6. With the emergence of COVID-19 in early 2020, the demand for isolation gowns in the United States increased substantially. However, existing supply chains could not provide the large number of gowns required by healthcare providers.

7. Touchstone and Barnabas entered into a Purchase Agreement dated April, 28, 2020 whereby Barnabas was to purchase 500,000 isolation gowns for a total price of $2,750,000.00.

8. Barnabas made a 50% down payment in the amount of $1,375,000.00 to Touchstone as partial consideration.

9. Touchstone was to procure the isolation gowns from R S INTERNATIONAL which is one of the leading manufacturers of surgical gowns in India.

10. Touchstone paid R S INTERNATIONAL $500,000.00 to commence work on manufacturing the isolation gowns and further made subsequent payments.

11. R S INTERNATIONAL was ready to ship the isolation gowns on or about July 21, 2020, however, at that time, the government of India placed a ban on the export of isolation gowns.

12. R S INTERNATIONAL then attempted to fill the order from an entity in China, but despite making payments to a Chinese entity, no isolation gowns were ever provided.

13. In September 2020, the government of India lifted the ban on exporting isolation gowns and as such, R S INTERNATIONAL was able to ship the isolation gowns to the United States.

14. The isolation gowns are thus now in a United States port accruing storage fees.

15. In early October 2020, a partial quantity was delivered to Barnabas, which arbitrarily rejected the same.

## Count One (Breach of Contract)

16. The Counterclaimants repeat and reallege all allegations from previous paragraphs as if set forth herein in length.

17. A contract was formed between Touchstone and Barnabas for the procurement of 500,000 isolation gowns.

18. The agreed upon consideration was $2,750,000.00.

19. Barnabas breached the contract by arbitrarily rejecting the isolation gowns and failing to pay the remaining $1,375,000.00 to Touchstone.

20. As a direct and proximate cause of Barnabas' breach of the contract, Touchstone has suffered economic loss and damages.

**WHEREFORE**, Counterclaimants demands judgment against Barnabas for:
1. Compensatory Damages;
2. Punitive Damages;
3. Attorney Fees;
4. Interest;
5. Costs; and
6. Such other relief and remedies as the court shall deem proper.

## Count Two (Breach of Implied Covenant of Good Faith and Fair Dealing)

21. The Counterclaimants repeat and reallege the prior allegations contained in the preceding paragraphs as if set forth herein at length.

22. As a matter of law, there is implied a covenant of good faith and fair dealing in connection with the contract/agreement between Touchstone and Barnabas to the same extent as if same were expressly set forth mandating that the parties deal with one another fairly and equitably.

23. By virtue of Barnabas' conduct, it has breached the implied covenant of good faith and fair dealing it owed Touchstone.

24. Said conduct has caused Touchstone to suffer proximately caused damages.

**WHEREFORE**, Counterclaimants demands judgment against Barnabas for:
1. Compensatory Damages;
2. Punitive Damages;
3. Attorney Fees;
4. Interest;
5. Costs; and
6. Such other relief and remedies as the court shall deem proper.

        **Law Office of Mark Faro LLC**
        Attorneys for Defendants
        Touchstone Technology Consulting Ops. Inc.
        D/B/A Touchstone Healthcare Solutions and
        Brian W. Mead

        *s/ Mark R. Faro*

        Mark R. Faro, Esq.

Dated: 8-5-21

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

    I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

        **Law Office of Mark Faro LLC**
        Attorneys for Defendants
        Touchstone Technology Consulting Ops. Inc.
        D/B/A Touchstone Healthcare Solutions and
        Brian W. Mead

        *s/ Mark R. Faro*

        Mark R. Faro, Esq.

Dated: 8-5-21

## CERTIFICATION OF SERVICE

    I hereby certify that a copy of within document has been filed with the clerk of the captioned court by means of electronic filing and a copy of the same was served upon all interested attorneys

listed on PACER via electronic filing within the period of time allowed, as extended, in accordance with the Rules of Court.

        **Law Office of Mark Faro LLC**
        Attorneys for Defendants
        Touchstone Technology Consulting Ops. Inc.
        D/B/A Touchstone Healthcare Solutions and
        Brian W. Mead

        *s/ Mark R. Faro*

        Mark R. Faro, Esq.

Dated: 8-5-21