NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BARNABAS HEALTH, INC.,

　　Plaintiff,

　　v.

TOUCHSTONE TECHNOLOGY
CONSULTING OPS. INC., et al.,

　　Defendants.

No. 21-cv-12508 (EP) (AME)

OPINION

**PADIN, District Judge.**

This case is a breach of contract action involving an alleged failure to deliver isolation gowns. This matter comes before the Court on Plaintiff Barnabas Health, Inc.'s ("Barnabas") motion for default judgment against Defendant Touchstone Technology Consulting Ops. Inc. ("Touchstone"). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons set forth below, Plaintiff's motion will be **GRANTED**.

**I.　BACKGROUND**

On April 28, 2020, Barnabas entered into a contract with Touchstone for the purchase and subsequent delivery of 500,000 isolation gowns ("Purchase Agreement"). D.E. 1 ("Compl.") ¶ 10. The isolation gowns were to be delivered no later than fourteen days following the effective date of the Purchase Agreement (April 28, 2020) ("Effective Date"). *Id.* ¶ 15. The Purchase Agreement required that the gowns meet specific industry requirements and Barnabas was to inspect the gowns upon delivery. *Id.* ¶ 16. The total price of the Purchase Agreement was $2,750,000.00, with Barnabas paying Touchstone $1,375,000.00 up front. *Id.* ¶¶ 18-19. Touchstone acknowledged receipt of $1,375,000.00 on April 30, 2020. *Id.* ¶ 20.

However, Touchstone did not deliver the isolation gowns within the agreed-upon timeframe. On June 23, 2020—more than fourteen days after the Effective Date—Barnabas requested that Touchstone either provide proof that the isolation gowns were en route or refund the $1,375.000.00. *Id.* ¶ 22. Touchstone did not provide a tracking number or refund the initial payment, prompting Barnabas to send Touchstone a Notice of Termination on August 7, 2020. *Id.* ¶ 27. On September 3, 2020, Touchstone promised to deliver the isolation gowns by September 4, 2020, and Barnabas stated that it would only accept those isolation gowns if they were in fact delivered on September 4. *Id.* ¶¶ 30-31. Touchstone did not deliver the isolation gowns on September 4, 2020. *Id.* ¶ 32.

Finally, on October 5, 2020, a small number of isolation gowns were delivered but did not comply with the Purchase Agreement and emitted an odor of petroleum. *Id.* ¶¶ 35-36. Barnabas rejected the isolation gowns and demanded a full refund of the initial $1,375,000.00 payment. *Id.* ¶ 37. On June 14, 2021, Barnabas brought this action against Touchstone and its Owner, Brian Mead, alleging breach of contract (Count One) or, in the alternative, breach of the implied covenant of good faith and fair dealing (Count Two); fraud and misrepresentation (Count Three); and unjust enrichment (Count Four).

On July 21, 2021, Touchstone and Mead, both represented by Mark Faro, Esq., answered with twenty-eight separate defenses, four crossclaims, and two counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing. D.E. 10 ("Ans.")[1]. On September 23, 2021, Mead filed for bankruptcy ("Bankruptcy Proceedings"). D.E. 13. On June 10, 2022, Faro moved to withdraw as Touchstone and Mead's attorney due to unpaid attorney fees.

---

[1] Touchstone's Answer uses paragraph numbers for some sections but restarts or forgoes them entirely in other sections. As such, when citing to Touchstone's Answer, the Court will only cite the page number.

2

D.E. 29-1 ¶ 14. On July 8, 2022, Magistrate Judge Espinosa granted the motion to withdraw and granted Touchstone until August 4, 2022, to secure a new attorney. D.E. 33. Touchstone did not secure a new attorney by August 4, 2022, and entered default on September 15, 2022. On February 15, 2023, Barnabas settled with Mead in the Bankruptcy Proceedings, with the two parties agreeing (in relevant part) that Barnabas would move to dismiss with prejudice all charges against Mead in this action while Touchstone would not oppose any motion for default judgment against Touchstone. *In re Mead*, Bankr. Pet. 21-17470, D.E. 189. By April 27, 2023, Touchstone had still not secured a new attorney, and Barnabas moved for default judgment for $1,375,000.00. D.E. 41 ("Mot.").

## II. LEGAL STANDARD

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* Although the Court must accept the well-pleaded factual allegations in the complaint as true, it "need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Id.* at 535-36 (citations omitted). The Court must also "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (citations omitted).

In addition, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834

3

F.2d 71, 74 (3d Cir. 1987)). "To this end, district courts must resolve all doubts in favor of proceeding on the merits." *Id.* Finally, the Court must also find that it has subject matter and personal jurisdiction and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, No. 15-5863 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017).

## III. ANALYSIS

The threshold requirements of jurisdiction are met in this case. The Court is properly sitting in diversity as the amount in controversy is above $75,000, Mot. ¶ 35, and the parties are domiciled in different states.[2] *See* 28 U.S.C. § 1332. The Court also has personal jurisdiction over Touchstone due to Section 8 of the Purchase Agreement, which stipulates that "this agreement shall be governed by the laws of the State of New Jersey." Compl. Ex. A. Further, Touchstone was served personally on June 22, 2021. D.E. 5; *see* Fed. R. Civ. P. 4(e), (h). Thus, the Court must determine whether Barnabas' claims are legitimate and whether the three default judgment factors favor granting default judgment.

### A. Count One is a Legitimate Claim and Touchstone has no Meritorious Defense

As to Count One, "[t]o state a claim for breach of contract, [the plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The parties agree that Barnabas and Touchstone entered into a contract, Ans. at 3, but disagree as to whether there was a breach.

However, Touchstone has no meritorious defense against Barnabas' claims of material breach. "[A] defendant has established a meritorious defense when its 'allegations, if established

---

[2] Barnabas is a New Jersey corporation with its principal place of business also in New Jersey, Compl. ¶ 2, while Touchstone is a Florida corporation with its principal place of business in Connecticut, Ans. at 1.

at trial, would constitute a complete defense.'" *Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 Fed. App'x 136, 140 (3d. Cir. 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). But a defendant must "allege[] specific facts beyond simply denials or conclusory statements." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. "[A] defendant . . . [must] set forth with some specificity the grounds for [its] defense." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988).

Touchstone's defenses to breach are (1) a general force majeure defense regarding the COVID-19 Pandemic and (2) a broad defense that Touchstone performed an updated version of the Purchase Agreement with a new delivery date. First, for a force majeure defense to hold weight, the alleged act of God must have been unforeseeable. *See, e.g.*, *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 289 (3d Cir. 2014). As per Touchstone's own admission, the Purchase Agreement was entered into on April 28, 2020, well after a national emergency was declared due to COVID-19. Ans. at 16. Therefore, the COVID-19 pandemic was not unforeseeable. Second, even assuming *arguendo* that the contract's performance date was altered, Barnabas' complaint alleges—and Touchstone does not contest—that the latest possible date that Barnabas could have agreed to extend the Purchase Agreement was September 4, 2020, but the isolation gowns were delivered on October 5, 2020. Compl. ¶¶ 30-32, 35-36. Further, to the extent Touchstone did perform, the few isolation gowns delivered did not meet the Purchase Agreement's specifications. *Id.* ¶¶ 35-36. Thus, even if it were true that the performance date was altered, Touchstone has failed to proffer a complete defense.

As to the damages and performance, Touchstone contends that Barnabas' damages were not proximately caused by breach and that Barnabas breached the Purchase Agreement first. Ans. at 13. But neither "of these boilerplate defenses are supported by factual allegations" and are thus

5

not meritorious. *Alcatel-Lucent USA Inc. v. Borlabi*, No. 13-4543 2016 WL 3406227, at *4 (D.N.J. June 16, 2016); *see also U.S. Bank Nat'l Ass'n v. Smith*, No. 14-4324 2015 WL 437572, at *3 (E.D. Pa. Feb. 3, 2015) (finding the answer lacked the "specificity required" by *$55,518.05 in U.S. Currency* when the answer contained only "conclusory denials and boilerplate affirmative defenses"). Accordingly, Barnabas has established a legitimate cause of action and the meritorious defense factor weighs in favor of granting default judgment as to Count One.[3]

### B. Counts Three and Four are Not Legitimate Because of Touchstone's Successful Breach of Contract Claim

> i.   *Count Three is Barred by the Economic Loss Doctrine*

The Court expresses no opinion on the merits of Barnabas' fraud and misrepresentation claim because "those claims are based on alleged tortious conduct during [Touchstone's] performance of the [Purchase Agreement]" and are thus barred by the economic loss doctrine. *Red Hak Fire & Sec., LLC v. Siemens Indus., Inc.*, 449 F. Supp. 3d 449, 465 (D.N.J. 2020).[4] "The economic loss doctrine precludes tort claims where the allegedly tortious conduct is intrinsic to the contract—*i.e.*, where the alleged tort consists of the breach of a contractual promise. In deciding whether the doctrine applies, we focus on whether the plaintiff's entitlement to economic losses flows directly from obligations set forth in a contract. The doctrine does not apply, however,

---

[3] Because the Court finds that Count One is a legitimate cause of action to which Touchstone has no meritorious defense, the Court will not address Count Two, which Barnabas pleaded in the alternative to Count One.

[4] "No New Jersey Supreme Court case applies the economic loss doctrine to bar misrepresentation claims. Indeed . . . there is no precedential New Jersey state court decision to that effect. . . . [H]owever, the U.S. District Court for the District of New Jersey has consistently applied the doctrine in that manner." *Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*, 516 F. Supp. 3d at 418 n.6. The Court finds these precedents are sufficiently persuasive to apply the economic loss doctrine to Barnabas' claims of fraud and misrepresentation.

when a party uses misrepresentations to induce another into entering an agreement." *Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*, 516 F. Supp. 3d 407, 418 (D.N.J. 2021) (cleaned up).

Barnabas has not pleaded any facts relating to the formation of the Purchase Agreement and has instead only alleged that Touchstone did not fulfill its obligations under the Purchase Agreement. Compl. ¶¶ 10-38. Thus, Barnabas' "allegations are in reality just the breach-of-contract allegations repackaged." *Torus U.S. Serv, Inc. v. Hybrid Ins. Agency, LLC*, No. 14-01630 2015 WL 6445788, at *5 (D.N.J. Oct. 22, 2015) (granting default judgment as to breach of contract claims but not on fraud and misrepresentation claims); *compare with Touristic Enterprises Co. v. Trance Inc.*, No. 09-02732 2009 WL 3818087, at *3 (D.N.J. Nov. 13, 2009) (finding fraud and misrepresentation in an action with breach of contract because the "Plaintiff adequately allege[d] that [the Defendant] made specific assertions about equipment not covered by the contract, thereby inducing [the] Plaintiff to [enter into the contract]"). Accordingly, Count Three is not a legitimate claim.

### ii. *Count Four is Barred Because Barnabas Has a Remedy at Law*

The Court also expresses no opinion on the merits of Barnabas' unjust enrichment claim because "a plaintiff cannot sustain an unjust enrichment claim where there is an adequate remedy at law," such as a breach of contract claim. *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 259 (D.N.J. 2020); s*ee also SDC Info. Serv., Inc. v. Intelligroup, Inc.*, No. 11-05874 2012 WL 2119156 (D.N.J. Jun. 11, 2012) (finding that unjust enrichment "liability is precluded where the subject matter of the claim is governed by an express contract, in which case the plaintiff is limited to contractual remedies"); *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 226-27 (3d. Cir. 1983) (finding "liability based on unjust enrichment must fail as a matter of

law" if "an express contract exists concerning the identical subject matter"). Accordingly, Count Four is not a legitimate claim.

### C. Barnabas is Prejudiced Without Default Judgment

For a plaintiff to be prejudiced by a defendant's default, a plaintiff must show that "its ability to pursue the claim has been hindered since the entry of the default judgment." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). But any potential prejudice must "be viewed in the context of [the defendant's] failure over an extended period of time" to cure the default. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1882 (3d Cir. 1984).

By not retaining counsel, Touchstone prevented Barnabas from effectively seeking repayment of $1,375,000.00. Although Mead declared bankruptcy, there is no evidence that Touchstone declared bankruptcy. Thus, as to Touchstone, "without a default judgment," Barnabas "has no other means to seek relief for the harm allegedly caused by" Touchstone. *Batra*, 2017 WL 838798, at *3. Moreover, "the refusal of a corporation to retain a lawyer generally derails the 'proper and efficient litigation' of a case," prejudicing a plaintiff. *Mendelsohn, Drucker, & Assocs., P.C. v. Titan Atlas Mfg., Inc.*, No. 12-0453 2013 WL 1842124 (E.D. Pa. May 2, 2013) (quoting *J & P Recovery, Inc. v. R.C. Dolner, Inc.*, No. 00-5761 2002 WL 1774058, at * 2 (E.D. Pa. Aug. 1, 2002)). Accordingly, the prejudice factor weighs in favor of granting default judgment.

### D. Touchstone's Conduct is Highly Culpable

For purposes of a default judgment, culpability does not require intentional and malicious actions on the part of the non-movant, but merely "[r]eckless disregard for repeated communications from plaintiffs and the court." *Hritz*, 732 F.2d at 1183. At the time of this decision, more than a year has passed since Faro withdrew as Touchstone's attorney, and Touchstone has still not secured representation. "Default judgment is an appropriate sanction for

8

corporate defendants that fail to retain counsel pursuant to a court order . . . [because such] behavior—coupled with . . . meritless defenses (discussed [above])—raises a strong inference that [the corporate defendant] has abused the judicial process . . . for the purpose of postponing disposition until it had become judgment proof." *Mendelsohn*, 2013 WL 1842124, at *5, *7. Accordingly, the culpability factor weighs in favor of default judgment.

IV. **DAMAGES**

A court may determine damages without a hearing "as long as [it] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Generally, for breach of contract claims, a plaintiff is awarded the amount required to place it in as good a position as it would have been had the breach of contract not occurred. *Carolee, LLC v. eFashion Sols., LLC*, No. 2:12-cv-02630 2013 WL 5574594, at *4 (D.N.J. Oct. 9, 2013). In similar breach of contract and fraud suits, plaintiffs have asked for and been granted not only the missing payment(s), but also interest and other associated costs. *See, e.g., id.*; *Roxana Tanker Pool Inc. v. Safesea Trans., Inc.*, No. 17-cv-01763 2017 WL 2957939, at *3 (D.N.J. July 10, 2017); *Baymon Franchise Sys., Inc. v. R S Hospitality, LLC*, No. 15-04067 2018 WL 3410031, at *2-3 (D.N.J. July 12, 2018).

Here, Barnabas asks only for the initial payment of $1,375,000.00 without additional interest, enhancements, or other associated costs. The Court is satisfied that Barnabas paid Touchstone that amount and has not received the initial payment back pursuant to the terms of the Purchase Agreement. Accordingly, $1,375,000.00 reasonably represents the amount owed by Touchstone to Barnabas.

V.  CONCLUSION

Barnabas has stated a legitimate claim as to Count One and all three default judgment factors weigh in factor of granting default judgment. Further, Barnabas' requested damages are reasonable. Accordingly, for the reasons above, the Court will **GRANT** Barnabas' motion for default judgment. An appropriate Order accompanies this Opinion.

Dated: August 10, 2023

Evelyn Padin, U.S.D.J.